*341
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 Defendant was convicted of murder in the State of Mississippi and presently awaits execution of a death sentence, which has been temporarily stayed pending decision on his petition for postconviction relief. To advance his efforts to obtain such relief, defendant now seeks reversal of a 1963 New York assault conviction, which was used as an aggravating factor at the sentencing phase of the Mississippi trial.
 

 We construe the Appellate Division order as one affirming the judgment of resentence and determining that review of the underlying 1963 conviction was not available. This order is appealable to this court (CPL 450.90).
 

 We agree that, as the defendant argues and the People concede, the passage of time does not bar appeal in the unusual circumstances of this case, which include the possible use of the conviction as an aggravating factor leading to a death sentence. It is undisputed that defendant was never advised of his right to appeal from the assault conviction and that, upon discovering that right, he made several timely and diligent
 
 pro se
 
 attempts to obtain review of the judgment through the avenues available to him at the time. Further, it is undisputed that the actions of this State prevented defendant from ever obtaining the review of the conviction to which he was entitled.
 

 The appeal is not barred by CPL 450.30 (3), which provides, in essence, that the time for taking an appeal from the original judgment is not revived by a resentencing that occurs more than 30 days after the original sentence was imposed. Nor is appeal barred by CPL 460.30, which limits the time for seeking an extension of the 30-day period for taking an appeal to one year from the date that the statutory 30-day period expired. Both of these statutes became effective after the period between 1967 and 1971, when defendant’s timely efforts to appeal were being thwarted by the State
 
 (see, People v Montgomery,
 
 24 NY2d 130). In these special circumstances, the People, as they correctly concede, cannot rely upon a subsequently imposed time limitation to prevent a defendant from obtaining appellate review of his conviction
 
 (People v Thomas,
 
 47 NY2d 37).
 
 People v Corso
 
 (40 NY2d 578), which held CPL 460.30 applicable to appeals from judgments of conviction entered prior to that statute’s enactment, does not require a different conclusion, since that decision did not
 
 *342
 
 concern a situation in which the defendant had made timely efforts to raise an appealable issue before the statute was adopted.
 

 Finally, the People concede that the records of defendant’s trial have been lost, that neither reconstruction nor a new trial is possible and that defendant has raised appealable issues with possible merit. Thus, the only available remedy at this point is vacatur of the conviction and dismissal of the indictment
 
 (see, People v Rivera,
 
 39 NY2d 519).
 

 Accordingly, the order of the Appellate Division should be reversed, the conviction vacated and the indictment dismissed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Alexander taking no part.
 

 Order reversed, etc.