547 So.2d 59 (1989)
Samuel JOHNSON, a/k/a Samuel Bice Johnson
v.
STATE of Mississippi.
No. DP-43.
Supreme Court of Mississippi.
July 19, 1989.
Clive A. Stafford Smith, Atlanta, Ga., Laurence T. Sorkin, Anthony Paduano, Floyd Abrams, and Cahill, Gordon & Reindel, New York City, for appellant.
Mike Moore, Atty. Gen. by Marvin L. White, Jr., Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON MOTION FOR POST-CONVICTION RELIEF
HAWKINS, Presiding Justice, for the Court:
Johnson was convicted of capital murder in the circuit court of Pike County on change of venue from Covington County in September, 1982, and sentenced to death. This Court affirmed his conviction, Johnson v. State, 477 So.2d 196 (Miss. 1985), and his petition for certiorari in the United States Supreme Court was denied, Johnson v. Mississippi, 476 U.S. 1189, 106 S.Ct. 2930, 91 L.Ed.2d 557 (1986).
Thereafter, he filed with this Court his petition for post-conviction relief under our Uniform Post-Conviction Collateral Relief Act (CRA), Miss. Code Ann. § 99-39-1, et seq. (1984). This petition contained a number of assignments.
One assignment dealt with Johnson's conviction of rape in the first degree in the Monroe County Court of New York April 9, 1963, which the State had used as an aggravating circumstance in his capital murder trial. Following the U.S. Supreme Court's denial of certiorari, this conviction had been vacated and dismissed by the Court of Appeals of New York in People v. Johnson, 514 N.Y.S.2d 324, 506 N.E.2d 1177, 69 N.Y.2d 339 (1987).
The majority of this Court held that, despite the New York Court of Appeals vacation of this conviction 23 years after its rendition, this did not operate to invalidate it as an aggravating circumstance considered by the Pike County jury. Johnson's petition was denied. Johnson v. State, 511 So.2d 1333 (Miss. 1987).
*60 The United States Supreme Court granted Johnson's petition for certiorari following our denial of his petition, Johnson v. Mississippi, 484 U.S. 1003, 108 S.Ct. 693, 98 L.Ed.2d 646 (1988), to consider whether the New York court's vacation of Johnson's 1963 conviction required a re-examination of Johnson's death sentence. The U.S. Supreme Court held that in view of the New York court's vacating and dismissing his 1963 conviction, this had not been a proper or legitimate aggravating circumstance for consideration by the Pike County trial jury and reversed and remanded to us Johnson's judgment of conviction. Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988).[1]
On August 31, 1988, Johnson filed a motion with this Court for an order for another resentencing hearing before a jury, or in the alternative for this Court to sentence him to life. This motion has been opposed by the State, and on December 2, 1988, the Attorney General filed with us a motion to reimpose the death sentence.
There are two courses open to this Court: (1) remand this cause to the circuit court of Pike County for another sentencing hearing, or (2) make the decision ourselves as to whether to reimpose the death penalty or reduce Johnson's sentence to life because of the invalidation of this aggravating circumstance which was considered by the original trial jury.
As Cabana v. Bullock, fn. 1, supra, makes clear, there is no United States Constitutional requirement that "a jury consider the appropriateness of a capital sentence." 474 U.S. at 386, 106 S.Ct. at 696-97, 88 L.Ed.2d 716.
In Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 1859, 100 L.Ed.2d 372, 382 (1988), the U.S. Supreme Court held an "especially heinous, atrocious, or cruel" aggravating circumstance under Oklahoma Stat.Title 21, § 701-12(2) and (4) was unconstitutionally vague. This Court in Clemons v. State, 535 So.2d 1354, 1361-1363 (Miss. 1988), held that even though under Maynard v. Cartwright an "especially heinous, atrocious, or cruel" aggravating circumstance should not have been submitted to the sentencing jury, this did not necessitate setting aside a death sentence so long as one or more other valid aggravating circumstances remained, which the jury had found existed in that case. And as the above-noted special concurring opinion in Johnson v. Mississippi, fn. 1, also makes clear, this Court is not required to remand this case to another sentencing jury.
Johnson was convicted of being an active participant, if indeed not the leader, in the deliberate, brutal slaying of a highway patrolman carrying out his duties. We stated in our original opinion affirming his conviction:
The very word "murder" embraces within its meaning cruelty, brutality and an evil intent carried to the ultimate in harm: death. It is redundant to characterize a murder as cruel, brutal or malicious.
Civilized society must place its dependence on peace officers. They preserve the peace, protect us from harm, and pursue the wrongdoer. They are the front line infantry in society's eternal struggle with crime.
The murder of a police officer in the line of duty must be equated with treason or espionage in time of war. Such a crime warrants the most severe punishment society exacts.
477 So.2d at 217.
It is nevertheless true that this aggravating circumstance was considered by the Pike County trial jury, and argued by the *61 State at trial as an additional reason for imposing the death sentence. We cannot know what the sentence of that jury would have been in the absence of this aggravating circumstance.
It is our view that under the facts of this particular case another sentencing jury, rather than this Court, should decide whether Johnson shall be sentenced to life imprisonment or the death sentence reimposed.
This cause is remanded to the circuit court of Covington County to impanel another sentencing jury to consider punishment in this case.
MOTION GRANTED. ORDER ENTERED REMANDING CAUSE TO COVINGTON COUNTY CIRCUIT COURT FOR RESENTENCING.
DAN M. LEE, P.J., and PRATHER, SULLIVAN and ANDERSON, JJ., concur.
ROBERTSON and PRATHER, JJ., concur by separate written opinion.
ROY NOBLE LEE, C.J., dissents.
PITTMAN and BLASS, JJ., not participating.
ROY NOBLE LEE, Chief Justice, dissenting:
The facts of this capital murder are stated in Johnson v. State, 477 So.2d 196, 199-206 (Miss. 1985). The opinion affirmed the lower court and petition for certiorari filed in the United States Supreme Court was denied. Johnson v. Mississippi, 476 U.S. 1189, 106 S.Ct. 2930, 91 L.Ed.2d 557 (1986). Those facts are lengthy and set forth in detail. In sum, an automobile occupied by Johnson and three companions was stopped by Highway Patrolman Billy Morris Langham as they were traveling north on Highway 49, approaching Collins, Mississippi. The officer asked to see Johnson's license, and he replied that he had none. Langham told Johnson to get out of the automobile. As the officer searched the backseat of the vehicle, Johnson stabbed him in the back with a butcher knife, mortally wounding the officer. Montgomery, one of Johnson's companions, took the officer's .357 Magnum revolver and Johnson directed Montgomery to shoot the officer. As the wounded officer asked for help from them and begged Montgomery not to shoot him, Montgomery, at Johnson's direction, fired a .357 Magnum bullet into the officer's brain.
In Johnson v. State, 511 So.2d 1333 (Miss. 1987), on motion for post-conviction relief, Presiding Justice Hawkins wrote:
The aggravating circumstances enumerated in the court's instruction at trial were:
(1) That the defendant, Samuel Johnson, was previously convicted of a felony involving the use or threat of violence to the person of another.
(2) That the defendant, Samuel Johnson, committed the capital murder for the purpose of avoiding arrest or effecting an escape from custody.
(3) The capital murder was especially heinous, atrocious and cruel.
(R. 2236)
The verdict of the jury found all three of these aggravating circumstances existed. (R. 2294)
* * * * * *
Also, the jury found three aggravating circumstances to support its verdict. Even if we conceded that the jury had no authority to consider this conviction, the remaining two aggravating circumstances were sufficient to support the jury's verdict. Zant v. Stephens, 462 U.S. 862, 880-884, 103 S.Ct. 2733, 2744-2746, 77 L.Ed.2d 235, 252-254 (1983); Irving v. State, 498 So.2d 305, 314 (Miss. 1986).
* * * * * *
As we noted, the jury found three aggravating circumstances existed, and of the three we have little doubt that in a rational sentencing process Zant v. Stephens, supra, the other two aggravating circumstances would carry greater weight than the New York conviction in determining Johnson's sentence. Indeed, the remoteness in time of the prior conviction *62 was a mitigating circumstance. Johnson v. State, 477 So.2d at 219.
511 So.2d at 1337-1338.
A similar question to the one here was before the Court in Bullock v. State, 525 So.2d 764 (Miss. 1987). The case had been remanded to the Mississippi Supreme Court by the United States Supreme Court in Cabana v. Bullock, 471 U.S. 1052, 105 S.Ct. 2110, 85 L.Ed.2d 476 (1985), for determination by this Court, through State procedures, whether the Enmund requirements were met. On the question, this Court decided as follows:
Therefore, we are of the opinion that (1) this Court has properly proceeded to make a determination of whether or not the record in this case as made contains at least one of the Enmund requisites, and (2) this Court has now determined that at least one of the Enmund requisites is overwhelmingly reflected by the record.
525 So.2d at 769.
Questions in Bullock equivalent to the ones now facing the Court were resolved by the Court without remanding the case to a lower court for consideration by a jury.
In discussing Johnson v. Mississippi, supra, which remanded the case here for further consideration, the majority opinion in the case sub judice aptly notes the concurring opinion of Justice White as follows:
I join the Court's opinion, agreeing that the death sentence cannot stand, given the introduction of inadmissible and prejudicial evidence at the hearing before the jury. That evidence, however, was irrelevant to the other two aggravating circumstances found to be present, and I note that the case is remanded for further proceedings not inconsistent with the Court's opinion. It is left to the Mississippi Supreme Court to decide whether a new sentencing hearing must be held or whether that court should itself decide the appropriate sentence without reference to the inadmissible evidence, thus undertaking to reweigh the two untainted aggravating circumstances against the mitigating circumstances. Cf. Cabana v. Bullock, 474 US 376, 88 L Ed 2d 704, 106 S Ct 689 (1986).

486 U.S. at ___, 108 S.Ct. at 1989, 100 L.Ed.2d at 588. (Emphasis added)
I would follow the teachings of Cabana v. Bullock, 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986); Bullock v. State, 525 So.2d 764 (Miss. 1987); and Justice White's concurring opinion in Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). In my opinion, the Mississippi Supreme Court should proceed to reweigh the two untainted aggravating circumstances against the mitigating circumstances upon the record before us, and I would not remand to the lower court. Therefore, I dissent from the majority opinion.
ROBERTSON, Justice, concurring:
I concur in the Court's decision to grant post-conviction relief and order that the Circuit Court conduct a new sentencing hearing but would add a word. The jury which sentenced Samuel Bice Johnson to death found three aggravating circumstances, to-wit: (a) that Johnson had a prior conviction of another crime of violence, (b) that this murder was especially heinous, atrocious and cruel, and (c) that the instant offense was for purpose of avoiding arrest or effecting escape. Miss. Code Ann. §§ 99-19-10(5)(b), (e) and (h) (Supp. 1989). The first two of these aggravating circumstances stand eviscerated, the first by the Supreme Court's action in this case, Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), and the second by Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).
Stripped of the weight of these two invalidating aggravating circumstances, I do not see how anyone can sensibly say that the scales would  in the sentencing jury's perception  have tipped toward death, any more than a three legged chair would stand if two legs be removed.
Legally, it is not this Court's opinion that counts, but the jury's. Under our law only a jury has power to impose a death sentence. Miss. Code Ann. § 99-19-101(2) *63 (Supp. 1989). If a sentence of death may validly emanate only from the now familiar balancing process, then that process may only be performed by he who has authority to sentence. It may be true that there is no constitutional imperative that a death sentence may be imposed only by a jury, but it is surely mandated that responsibility for weighing and balancing the aggravating and mitigating circumstances be vested in that legal body which possesses the sentencing power.
I have articulated this general view more carefully in my separate opinion in Clemons v. State, 535 So.2d 1354, 1367-71 (Miss. 1988) (Robertson, J., dissenting). In Clemons, the jury had found two aggravating circumstances. We recognized on appeal that one had to be invalidated, and I thought that required a new sentencing hearing. Where, as here, two out of three aggravating circumstances are invalidated, the conclusion flows even more powerfully that this case must be remanded to the Circuit Court for a new sentencing hearing.
PRATHER, J., joins in this opinion.
NOTES
[1] Justice White's concurring opinion, joined by the Chief Justice, states:

... I note that the case is remanded for further proceedings not inconsistent with the Court's opinion. It is left to the Mississippi Supreme Court to decide whether a new sentencing hearing must be held or whether that court should itself decide the appropriate sentence without reference to the inadmissible evidence, thus undertaking to reweigh the two untainted aggravating circumstances against the mitigating circumstances. Cf. Cabana v. Bullock, 474 U.S. 376, 88 L.Ed.2d 704, 106 S.Ct. 689 (1986).
486 U.S. at ___, 108 S.Ct. at 1989, 100 L.Ed.2d at 588.