# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-DP-00943-SCT

*WILLIE JEROME MANNING a/k/a "FLY"*

*v.*

*STATE OF MISSISSIPPI*

### CONSOLIDATED WITH

### NO. 1999-DP-01185-SCT

*WILLIE JEROME MANNING a/k/a FLY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/03/1999 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARK WILLIAMSON |
| | CLIVE A. STAFFORD SMITH |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LESLIE S. LEE |
| | MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - DEATH PENALTY - DIRECT APPEAL |
| DISPOSITION: | AFFIRMED - 06/29/2000 |
| MOTION FOR REHEARING FILED: | 7/17/2000; denied 9/7/2000 |
| MANDATE ISSUED: | 7/20/2000; recalled 8/3/2000; 9/15/2000 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

¶1. This appeal arises from the *Batson* order entered by the Oktibbeha County Circuit Court on remand by this Court. Because the circuit court's findings regarding the State's articulated race-neutral reasons for its use of peremptory strikes in this case were not clearly erroneous or against the overwhelming weight of the evidence, we affirm the circuit court's judgment overruling Willie Jerome Manning's *Batson* objection in this case. Following the statutorily mandated review of Manning's sentence, we further find that the death penalty was lawfully imposed in this case and therefore affirm Manning's convictions and sentences.

### STATEMENT OF THE FACTS

¶2. Willie Jerome Manning was convicted on July 24, 1996, of two counts of capital murder for killing Emmoline Jimmerson and Alberta Jordan during the commission of robbery. This Court found no error requiring reversal of Manning's convictions on appeal, but remanded the case to the Oktibbeha County Circuit Court for a hearing to review the propriety of the State's peremptory strikes against two jurors on the second venire under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 96 L.Ed. 2d 69 (1986). *Manning v. State*, 735 So. 2d 323, 352 (Miss. 1999).

¶3. At the hearing, District Attorney Forrest Allgood articulated three reasons for the State's strike against Juror 57, Jacqueline Wright-Brewer, a black female. He perceived that Juror Wright-Brewer was hostile to the State, because she sat with her arms folded and glared at him during voir dire. District Attorney Allgood also stated that he was concerned about her reluctance to serve on the jury because her small child would have to be in the care of others during the trial. Most importantly, District Attorney Allgood said that he struck Juror Wright-Brewer based upon her response on her juror questionnaire indicating that she could not personally vote to impose the death penalty.

¶4. District Attorney Allgood also articulated reasons for striking Juror 59, Renata M. Johnson, also a black female. He said that she had been represented by Manning's trial attorney, Richard Burdine, in the past.[1] She knew members of Manning's family, particularly his brother Draper Manning. Finally, Juror Johnson had participated in rallies and marches opposing Manning's first two death penalties, affirmed by this Court in *Manning v. State*, 726 So. 2d 1152 (Miss. 1998).

¶5. Defense Attorney Clive Stafford Smith argued that the reasons articulated by the State were pretextual. Particularly, he maintained that the record did not support District Attorney Allgood's assertions that Juror Wright-Brewer sat with her arms folded during voir dire or that Juror Johnson was represented in the past by Richard Burdine. Attorney Smith also pointed to the State's failure to strike other jurors with small children and with similar and even stronger anti-death penalty views than Juror Wright-Brewer, who was rehabilitated during further individual voir dire.

¶6. Based upon the arguments presented at the hearing, Judge Montgomery issued an order on June 3, 1999, sustaining the State's peremptory challenges and overruling Manning's *Batson* objection. Judge Montgomery specifically found that there was no resulting prejudice from the State's strikes on the second venire, because the challenges were made against potential alternates, and no alternates ever had to sit on the jury. He also found that the reasons offered by the State for striking Jurors Wright-Brewer and Johnson were valid race-neutral reasons and that the State therefore met its burden for sustaining the strikes and overruling Manning's objection.

¶7. Manning now appeals to this Court from the circuit court's *Batson* order. He does not challenge the circuit court's findings regarding Juror Johnson, but argues that the State's articulated reasons for striking Juror Wright-Brewer were purely pretextual. He also disagrees with the circuit court's application of harmless error analysis in its *Batson* findings.

## STATEMENT OF THE LAW

### I.

**THE COURT ERRED IN FINDING THE REASONS OFFERED BY THE DISTRICT ATTORNEY WERE RACE-NEUTRAL WHEN IN REALITY THEY WERE PRETEXTS FOR**

# PURPOSEFUL DISCRIMINATION.

¶8. In ***Thorson v. State***, 721 So. 2d 590 (Miss. 1998), we outlined the appropriate standard of review on appeal from the circuit court's findings under ***Batson***:

> We give great deference to the trial court's findings of whether or not a peremptory challenge was race neutral. . . . Such deference is necessary because finding that a striking party engaged in discrimination is largely a factual finding and thus should be accorded appropriate deference on appeal. . . . Indeed, we will not overrule a trial court on a ***Batson*** ruling unless the record indicates that the ruling was clearly erroneous or against the overwhelming weight of the evidence.

*Thorson*, 721 So. 2d at 593 (internal citations omitted).

¶9. This Court has identified five indicia of pretext when analyzing proffered race-neutral reason for peremptory strikes under ***Batson***: "(1) disparate treatment, that is, the presence of unchallenged jurors of the opposite race who share the characteristic given as the basis for the challenge; (2) the failure to voir dire as to the characteristic cited; . . . (3) the characteristic cited is unrelated to the facts of the case;" (4) "lack of record support for the stated reason;" and (5) "group-based traits." ***Mack v. State***, 650 So. 2d 1289, 1298 (Miss. 1994) (citing ***Whitsey v. State***, 796 S.W.2d 707, 707 (Tex. Crim. App. 1989)).

¶10. Manning maintains that all three of the State's proffered reasons for striking Juror Wright-Brewer were pretextual. First, Manning argues that there is no evidence in the record supporting the State's allegation that Juror Wright-Brewer sat with her arms folded or glared at the district attorney during voir dire. Although lack of record support is one indication of pretext, ***Mack***, *supra*, as the State responds in its brief, the basis for the prosecutor's strike need not be in the record. *See **Thorson***, 721 So. 2d at 597-98 (prosecutor acting in good faith may offer a race-neutral reason supplied to him by a third party).

¶11. In ***Conerly v. State***, 544 So. 2d 1370, 1371-73 (Miss. 1989), cited by Manning, this Court ordered a new trial where the State's only articulated reason for striking a juror was that she failed to complete the juror information form, and the trial judge found on the record that this was simply untrue. ***Conerly***, 544 So. 2d at 1371-73. The demeanor of a potential juror would not be reflected in the record absent comment from counsel or the trial judge, which did not occur in this case. As a result, unlike ***Conerly***, the prosecutor's proffered reason is neither supported nor disproved by the record. "[A] trial court's determination of whether or not a reason is race-neutral largely depends on the credibility of the prosecutor." *Thorson*, 721 So. 2d at 597. We have previously accepted a juror's demeanor as a valid race-neutral reason for a peremptory strike, ***Fleming v. State***, 732 So. 2d 172, 179 (Miss. 1999), and therefore give deference to the trial judge's acceptance of this race-neutral reason offered by District Attorney Allgood in this case.

¶12. Manning also takes issue with the State's articulated reason for striking Juror Wright-Brewer based upon her juror questionnaire response that she could never vote to impose the death penalty. He points out that on individual voir dire, Juror Wright-Brewer indicated that she misunderstood the question and could vote for the death penalty in a proper case. The State admits that Juror Wright-Brewer was rehabilitated enough to withstand a challenge for cause. However, that does not preclude use of a peremptory strike based upon her juror questionnaire response. "[T]he prosecutor's explanation need not rise to the level of justifying exercise of a challenge for cause." ***Davis v. State***, 660 So. 2d 1228, 1242 (Miss. 1995) (quoting *Batson*, 476 U.S. at 97).

¶13. Manning also argues that striking Juror Wright-Brewer because of her juror questionnaire response and her reluctance to serve due to having a small child amounted to disparate treatment, as evidenced by the State's failure to strike white jurors who expressed more concern for child care and who were objectively less favorable to the State. He points to Jurors Elizabeth Hutchins and Candace McGee, both white females whom the State opted not to strike. They both expressed concern over being away from their children during sequestration. Juror McGee also stated that she would require an eye witness before she could vote to impose the death penalty and said that she was concerned about coping with the gory details of the case and being swayed by sympathy.

¶14. Disparate treatment is strong evidence of discriminatory intent. *Freeman v. State*, 651 So. 2d 576, 587 (Ala. Crim. App. 1994); *People v. Hall*, 672 P.2d 854, 858 (Cal. 1983); *Whitsey v. State*, 796 S.W.2d 707, 714 (Tex. Crim. App. 1989) However, disparate treatment is only one factor to be considered by the trial court; it is not necessarily dispositive of discriminatory treatment. *State v. Floyd*, 468 S.E.2d 46, 48-49 (N.C. 1996). Where the State is able to articulate additional race-neutral reasons for striking the juror in question and uses peremptory strikes against jurors of another race based upon the same articulated reason, we have held that the theory of disparate treatment must fail. *Manning*, 735 So. 2d at 340; *Woodward v. State*, 726 So. 2d 524, 531 (Miss. 1997). In the instant case, the State articulated three race-neutral reasons for striking Juror Wright-Brewer and used peremptory strikes against two white jurors based upon their reluctance to impose the death penalty, as indicated on their juror questionnaires. We find that the circuit court's ruling accepting the State's articulated race-neutral reasons for striking Juror Wright-Brewer was neither clearly erroneous nor against the overwhelming weight of the evidence.


## II.

### THE TRIAL COURT ERRONEOUSLY APPLIED A HARMLESS ERROR ANALYSIS IN DETERMINING THAT THE STRUCK JURORS WERE ALTERNATES WHO NEVER MOVED TO SIT ON THE ACTUAL JURY.

¶15. In his ruling, Judge Montgomery found that because Jurors Wright-Brewer and Johnson were only potential alternate jurors, and the alternates never sat on the actual jury, no actual prejudice accrued to Manning due to the State's strikes against them. Manning argues that the circuit court improperly applied a harmless error legal standard, contrary to United States Supreme Court case law. He points to language in *Powers v. Ohio*, 499 U.S. 400, 413, 111 S.Ct. 1364, 113 L.Ed. 2d 417 (1991), in which the United States Supreme Court stated that "a criminal defendant suffers a real injury when the prosecutor excludes jurors at his or her own trial on account of race." "This is not because the individual jurors dismissed by the prosecution may have been predisposed to favor the defendant. . . . Rather, it is because racial discrimination in the selection of jurors 'casts doubt on the integrity of the judicial process,' . . . and places the fairness of a criminal proceeding in doubt." *Id*. at 411. The fact that a defendant will likely be convicted again on retrial does not negate the denial of his right to a fair trial due to the State's racially discriminatory use of its peremptory strikes in violation of *Batson*. As a result, we agree with Manning that the harmless error standard has no place in the *Batson* analysis. Where the *Batson* hearing is conducted properly-at trial before any evidence is presented to the jury-this issue should not arise, because the trial court would

not be able to predict whether an alternate would indeed be required to sit on the jury. However, in future cases where this Court remands for a *Batson* hearing, trial courts should not apply harmless error analysis.

**III.**

**WHETHER THE IMPOSITION OF THE DEATH PENALTY IS DISPROPORTIONATE IN THIS CASE TO OTHER DEATH SENTENCES UPHELD BY THE COURT**

¶16. Section 99-19-105(3) of the Mississippi Code requires this Court to review the sentencing in capital cases to determine:

> (a) Whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor;
>
> (b) Whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance as enumerated in Section 99-19-101; [and]
>
> (c) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.

Miss. Code Ann. § 99-19-105 (Supp. 1999). We considered and rejected Manning's argument on direct appeal that each of the aggravating factors found by the jury in his case were improperly applied. *Manning*, 735 So. 2d at 348-51.

¶17. We now examine the facts of this case to determine whether the death penalty was imposed in an arbitrary or disproportionate manner. This assessment requires a review of similar cases in which the death penalty was imposed and reviewed by this Court since *Jackson v. State*, 337 So. 2d 1242 (Miss. 1976). *Wiley v. State*, 691 So. 2d 959, 966 (Miss. 1997). Manning stands convicted of murdering two elderly women by means of beating them unconscious with an iron and slashing their throats with a kitchen knife, while robbing them of approximately twelve dollars. A careful review of the death penalty cases listed in the appendix leads us to the conclusion that the death penalty was proportionately applied in this case, and was not imposed under the influence of passion, prejudice or any other arbitrary factor. *See, e.g., Brown v. State*, 749 So. 2d 82, 85 (Miss. 1999) (convenience store clerk shot to death during robbery); *McGilberry v. State*, 741 So. 2d 894, 902-03 (Miss. 1999) (murder committed by beating victims with baseball bat during the commission of robbery); *Jackson v. State*, 684 So. 2d 1213, 1217 (Miss. 1996) (defendant convicted of stabbing deaths of four nieces and nephews while in search of money kept in safe); *Chase v. State*, 645 So. 2d 829, 836-37 (Miss. 1994) (defendant shot victim in the head during commission of robbery); *Conner v. State*, 632 So. 2d 1239, 1243 (Miss. 1993) (victim's throat slashed during the commission of kidnaping and robbery), *overruled on other grounds, Weatherspoon v. State*, 732 So. 2d 158, 161-62 (Miss. 1999).

**<u>CONCLUSION</u>**

¶18. Judge Montgomery erred in applying harmless error analysis in his consideration of the State's use of peremptory strikes against potential alternate jurors in this case. However, because the circuit court's finding that the State articulated sufficient race-neutral reasons for its use of peremptory strikes in this case was not clearly erroneous or against the overwhelming weight of the evidence, we affirm the circuit court's judgment overruling Manning's *Batson* objection. There being nothing in the record to suggest that Manning's rights

were violated or that he was deprived of a fair trial, we also affirm the jury's verdict of guilty, and the subsequent sentence of death, and the judgment of the Oktibbeha County Circuit Court.

¶19. **CONVICTION OF CAPITAL MURDER (TWO COUNTS) AND SENTENCE OF DEATH BY LETHAL INJECTION AFFIRMED. EXECUTION DATE TO BE SET WITHIN SIXTY DAYS OF FINAL DISPOSITION OF THIS CASE PURSUANT TO MISS. CODE ANN. § 99-19-105(7) (SUPP. 1999) AND M.R.A.P. 41(a).**

**PITTMAN, P.J., McRAE, SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. BANKS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

BANKS, PRESIDING JUSTICE, DISSENTING:

¶20. I respectfully dissent from the majority opinion. Juror Wright-Brewer was peremptorily challenged by the State and stricken from the jury for reasons that other jurors similarly situated were not. In my view, the trial court erred in failing to find that the reasons proffered were pretextual and that the peremptory challenge violated Brewer's right not to be excluded from jury service because of her race.

¶21. Specifically, the State argued that one of its reasons for striking Wright-Brewer was because she had a small child. She did express some concern about her child's care in her absence. However, two other jurors who expressed similar concerns about their children's care, Elizabeth Hutchins and Candace McGee, both white females, were not challenged. In fact, Hutchins's and McGee's children were of younger ages, sixteen months and three months, respectively. If the State struck Wright-Brewer because of her concern about her absence from her twenty-month-old child, surely the State should have been just as (if not more) concerned about these two new mothers being separated from considerably younger infants.

¶22. Also, the State argued that Wright-Brewer was struck because of her view on the death penalty. Nevertheless, three white prospective jurors were not challenged after expressing their reluctance to impose the death penalty. The colloquy between Lorelei Morgan and the court was as follows:

THE COURT: Yes, ma'am, Ms. Morgan. You do not feel-

MRS. MORGAN: I just don't know if I can handle all of the details, the gory-

THE COURT: Okay. Do you feel that your emotions would make it impossible for you to be fair and impartial?

MRS. MORGAN: Probably, yes.

Similarly, Carol Ann Short said she would have problems with the death penalty and was not sure she could do it. Moreover, Catherine Oliver expressed concerns about both imposing the death penalty and her child. However, the State did not strike Morgan, Short, or Oliver.

¶23. Striking a prospective juror with the same objectionable characteristics as others not struck, when the only significant difference between them is their race, raises an inference that the articulated reason for the strike is a pretext to conceal the real unstated reason for the strike: racial discrimination. "For example, where the state accepts three white jurors who have been previously arrested, and then strikes an African-American juror who shares this same characteristic, it would be difficult to accept as a valid race-neutral

reason that the juror in question is being stricken because he or she has been previously arrested. Such a situation could reasonably give rise to a finding of pretext in the absence of an explanation as to why white jurors with exactly the same experience would be acceptable." ***Davis v. State***, 691 So.2d 1180, 1182 (Fla. Dist. Ct. App. 1997). This Court has frequently declared that one of the indicia of pretext is disparate treatment, that is, the presence of unchallenged jurors of the opposite race who share the characteristic given as the basis for the challenge. ***Berry v. State***, 728 So.2d 568, 572 (Miss. 1999); ***Henley v. State***, 729 So.2d 232, 240 (Miss. 1998); ***Magee v. State***, 720 So.2d 186, 189 (Miss. 1998); ***Randall v. State***, 716 So.2d 584, 588 (Miss. 1998); ***Mack v. State***, 650 So.2d 1289, 1298 (Miss. 1994).

¶24. Finally, at the ***Batson*** hearing on remand, the State added as one of the reasons for striking juror Wright-Brewer that her arms were folded while she looked up at the district attorney under her eyebrows glaring at him during the course of voir dire. The prosecutor stated that he perceived that she was hostile to him and his position "based on her demeanor." These observations were not noted at the time of challenging juror Wright-Brewer. There was no finding specific finding made by the trial court judge on this additional reason for the strike.

¶25. We have held that "it [is] necessary that trial courts make an on-the-record, factual determination, of the merits of the reasons cited by the State for its use of peremptory challenges against potential jurors." ***Hatten v. State***, 628 So.2d 294, 298 (Miss. 1993). The failure to make such on-the-record determinations has been deemed reversible error. ***Puckett v. State***, 737 So.2d 322, 337 (Miss. 1999); ***Bounds v. State***, 688 So.2d 1362, 1367 (Miss. 1997).

¶26. Because, in my view, the State did not sufficiently rebut the prima facie case that it struck juror Wright-Brewer for racially discriminatory reasons, I would reverse the judgment and remand this case for a new trial.

<u>APPENDIX</u>

<u>DEATH CASES AFFIRMED BY THIS COURT</u>

***McGilberry v. State,*** 741 So. 2d 894 (Miss. 1999)**.**

***Puckett v. State,*** 737 So. 2d 322 (Miss. 1999). *remanded for *Batson* hearing.

***Manning v. State,*** 735 So. 2d 323 (Miss. 1999). *remanded for *Batson* hearing.

***Turner v. State,*** 732 So. 2d 937 (Miss. 1999).

***Smith v. State,*** 729 So. 2d 1191 (Miss. 1998).

***Burns v. State,*** 729 So. 2d 203 (Miss. 1998).

***Jordan v. State,*** 728 So. 2d 1088 (Miss. 1998).

***Gray v. State,*** 728 So. 2d 36 (Miss. 1998).

***Manning v. State,*** 726 So. 2d 1152 (Miss. 1998).

***Woodward v. State,*** 726 So. 2d 524 (Miss. 1997).

*Bell v. State,* 725 So. 2d 836 (Miss. 1998).

*Evans v. State,* 725 So. 2d 613 (Miss. 1997).

*Brewer v. State,* 725 So. 2d 106 (Miss. 1998).

*Crawford v. State,* 716 So. 2d 1028 (Miss. 1998).

*Doss v. State,* 709 So. 2d 369 (Miss. 1996).

*Underwood v. State,* 708 So. 2d 18 (Miss. 1998).

*Holland v. State,* 705 So. 2d 307 (Miss. 1997).

*Wells v. State,* 698 So. 2d 497 (Miss. 1997).

*Wilcher v. State,* 697 So. 2d 1123 (Miss. 1997).

*Wilcher v. State,* 697 So. 2d 1087 (Miss. 1997).

*Wiley v. State,* 691 So. 2d 959 (Miss. 1997).

*Brown v. State*, 690 So. 2d 276 (Miss. 1996).

*Simon v. State*, 688 So. 2d 791 (Miss.1997).

*Jackson v. State*, 684 So. 2d 1213 (Miss. 1996).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Williams v. State,* 684 So. 2d 1179 (Miss. 1996).

*Davis v. State,* 684 So. 2d 643 (Miss. 1996).

*Taylor v. State*, 682 So. 2d. 359 (Miss. 1996).

*Brown v. State*, 682 So. 2d 340 (Miss. 1996).

*Blue v. State*, 674 So. 2d 1184 (Miss. 1996).

*Holly v. State*, 671 So. 2d 32 (Miss. 1996).

*Walker v. State*, 671 So. 2d 581(Miss. 1995).

*Russell v. State*, 670 So. 2d 816 (Miss. 1995).

*Ballenger v. State*, 667 So. 2d 1242 (Miss. 1995).

*Davis v. State*, 660 So. 2d 1228 (Miss. 1995).

*Carr v. State*, 655 So. 2d 824 (Miss. 1995).

*Mack v. State*, 650 So. 2d 1289 (Miss. 1994).

*Chase v. State*, 645 So. 2d 829 (Miss. 1994).

*Foster v. State*, 639 So. 2d 1263 (Miss. 1994).

*Conner v. State*, 632 So. 2d 1239 (Miss. 1993).

*Hansen v. State*, 592 So. 2d 114 (Miss. 1991).

***Shell v. State**, 554 So. 2d 887 (Miss. 1989), **Shell v. Mississippi,** 498 U.S. 1 (1990) reversing, in part, and remanding, **Shell v. State**, 595 So. 2d 1323 (Miss. 1992) remanding for new sentencing hearing.

*Davis v. State*, 551 So. 2d 165 (Miss. 1989).

*Minnick v. State*, 551 So. 2d 77 (Miss. 1989).

***Pinkney v. State**, 538 So. 2d 329 (Miss. 1989), **Pinkney v. Mississippi**, 494 U.S. 1075 (1990) vacating and remanding **Pinkney v. State**, 602 So. 2d 1177 (Miss. 1992) remanding for new sentencing hearing.

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

***Clemons v. State**, 535 So. 2d 1354 (Miss. 1988), **Clemons v. Mississippi**, 494 U.S. 738 (1990) vacating and remanding, **Clemons v. State**, 593 So. 2d 1004 (Miss. 1992) remanding for new sentencing hearing.

*Woodward v. State*, 533 So. 2d 418 (Miss. 1988).

*Nixon v. State*, 533 So. 2d 1078 (Miss. 1987).

*Cole v. State*, 525 So. 2d 365 (Miss. 1987).

*Lockett v. State*, 517 So. 2d 1346 (Miss. 1987).

*Lockett v. State*, 517 So. 2d 1317 (Miss. 1987).

*Faraga v. State*, 514 So. 2d 295 (Miss. 1987).

***Jones v. State**, 517 So. 2d 1295 (Miss. 1987)*, **Jones v. Mississippi**, 487 U.S. 1230 (1988) vacating and remanding, **Jones v. State**, 602 So. 2d 1170 (Miss. 1992) remanding for new sentencing hearing.

*Wiley v. State*, 484 So. 2d 339 (Miss. 1986).

*Johnson v. State*, 477 So. 2d 196 (Miss. 1985).

*Gray v. State*, 472 So. 2d 409 (Miss. 1985).

*Cabello v. State*, 471 So. 2d 332 (Miss. 1985).

*Jordan v. State*, 464 So. 2d 475 (Miss. 1985).

*Wilcher v. State*, 455 So. 2d 727 (Miss. 1984).

*Billiot v. State*, 454 So. 2d 445 (Miss. 1984).

*Stringer v. State*, 454 So. 2d 468 (Miss. 1984).

*Dufour v. State*, 453 So. 2d 337 (Miss. 1984).

*Neal v. State*, 451 So. 2d 743 (Miss. 1984).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Booker v. State*, 449 So. 2d 209 (Miss. 1984).

*Wilcher v. State*, 448 So. 2d 927 (Miss. 1984).

*Caldwell v. State*, 443 So. 2d 806 (Miss. 1983).

*Irving v. State*, 441 So. 2d 846 (Miss. 1983).

*Tokman v. State*, 435 So. 2d 664 (Miss. 1983).

*Leatherwood v. State*, 435 So. 2d 645 (Miss. 1983).

*Hill v. State*, 432 So. 2d 427 (Miss. 1983).

*Pruett v. State*, 431 So. 2d 1101 (Miss. 1983).

*Gilliard v. State*, 428 So. 2d 576 (Miss. 1983).

*Evans v. State*, 422 So. 2d 737 (Miss. 1982).

*King v. State*, 421 So. 2d 1009 (Miss. 1982).

*Wheat v. State*, 420 So. 2d 229 (Miss. 1982).

*Smith v. State*, 419 So. 2d 563 (Miss. 1982).

*Johnson v. State*, 416 So. 2d 383 (Miss.1982).

*Edwards v. State*, 413 So. 2d 1007 (Miss. 1982).

*Bullock v. State*, 391 So. 2d 601 (Miss. 1980).

*Reddix v. State*, 381 So. 2d 999 (Miss. 1980).

*Jones v. State*, 381 So. 2d 983 (Miss. 1980).

*Culberson v. State*, 379 So. 2d 499 (Miss. 1979).

*Gray v. State*, 375 So. 2d 994 (Miss. 1979).

*Jordan v. State*, 365 So. 2d 1198 (Miss. 1978).

*Voyles v. State*, 362 So. 2d 1236 (Miss. 1978).

*Irving v. State*, 361 So. 2d 1360 (Miss. 1978).

*Washington v. State*, 361 So. 2d 6l (Miss. 1978).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Bell v. State*, 360 So. 2d 1206 (Miss. 1978).

\* Case was originally affirmed in this Court but on remand from U. S. Supreme Court,case was remanded by this Court for a new sentencing hearing.

## DEATH CASES REVERSED AS TO GUILT PHASE

## AND SENTENCE PHASE

*Edwards v. State,* 737 So. 2d 275 (Miss. 1999).

*Smith v. State,* 733 So. 2d 793 (Miss. 1999).

*Porter v. State,* 732 So.2d 899 (Miss. 1999).

*Kolberg v. State,* 704 So. 2d 1307 (Miss. 1997).

*Snelson v. State,* 704 So. 2d 452 (Miss. 1997).

*Fusilier v. State,* 702 So. 2d 388 (Miss. 1997).

*Howard v. State,* 701 So. 2d 274 (Miss. 1997).

*Lester v. State,* 692 So. 2d 755 (Miss. 1997).

*Hunter v. State*, 684 So. 2d 625 (Miss. 1996).

*Lanier v. State*, 684 So. 2d 93 (Miss. 1996).

*Giles v. State*, 650 So. 2d 846 (Miss. 1995).

*Duplantis v. State*, 644 So. 2d 1235 (Miss. 1994).

*Harrison v. State*, 635 So. 2d 894 (Miss. 1994).

*Butler v. State*, 608 So. 2d 314 (Miss. 1992).

*Jenkins v. State*, 607 So. 2d 1171 (Miss. 1992).

*Abram v. State*, 606 So. 2d 1015 (Miss. 1992).

*Balfour v. State*, 598 So. 2d 731 (Miss. 1992).

*Griffin v. State*, 557 So. 2d 542 (Miss. 1990).

*Bevill v. State*, 556 So. 2d 699 (Miss. 1990).

*West v. State*, 553 So. 2d 8 (Miss. 1989).

*Leatherwood v. State*, 548 So. 2d 389 (Miss. 1989).

*Mease v. State*, 539 So. 2d 1324 (Miss. 1989).

*Houston v. State*, 531 So. 2d 598 (Miss. 1988).

*West v. State*, 519 So. 2d 418 (Miss. 1988).

## DEATH CASES REVERSED AS TO GUILT PHASE

## AND SENTENCE PHASE

### (continued)

*Davis v. State*, 512 So. 2d 129l (Miss. 1987).

*Williamson v. State*, 512 So. 2d 868 (Miss. 1987).

*Foster v. State*, 508 So. 2d 1111 (Miss. 1987).

*Smith v. State*, 499 So. 2d 750 (Miss. 1986).

*West v. State*, 485 So. 2d 681 (Miss. 1985).

*Fisher v. State*, 481 So. 2d 203 (Miss. 1985).

*Johnson v. State*, 476 So. 2d 1195 (Miss. 1985).

*Fuselier v. State*, 468 So. 2d 45 (Miss. 1985).

*West v. State*, 463 So. 2d 1048 (Miss. 1985).

*Jones v. State*, 461 So. 2d 686 (Miss. 1984).

*Moffett v. State*, 456 So. 2d 714 (Miss. 1984).

*Lanier v. State*, 450 So. 2d 69 (Miss. 1984).

*Laney v. State*, 421 So. 2d 1216 (Miss. 1982).

## DEATH CASES REVERSED

### AS TO PUNISHMENT AND REMANDED

### FOR RESENTENCING TO LIFE IMPRISONMENT

*Reddix v. State*, 547 So. 2d 792 (Miss. 1989).

*Wheeler v. State*, 536 So. 2d 1341 (Miss . 1988).

*White v. State*, 532 So. 2d 1207 (Miss. 1988).

*Bullock v. State*, 525 So. 2d 764 (Miss. 1987).

*Edwards v. State*, 441 So. 2d 84 (Miss. l983).

*Dycus v. State*, 440 So. 2d 246 (Miss. 1983).

*Coleman v. State*, 378 So. 2d 640 (Miss. 1979).

### DEATH CASES REVERSED AS TO

### PUNISHMENT AND REMANDED FOR A NEW TRIAL

### ON SENTENCING PHASE ONLY

*Walker v. State,* 740 So.2d 873 (Miss. 1999).

*Watts v. State,* 733 So.2d 214 (Miss. 1999).

*West v. State,* 725 So. 2d 872 (Miss. 1998).

*Smith v. State*, 724 So. 2d 280 (Miss. 1998).

*Berry v. State,* 703 So. 2d 269 (Miss. 1997).

*Booker v. State*, 699 So. 2d 132 (Miss. 1997).

*Taylor v. State*, 672 So. 2d 1246 (Miss. 1996).

**Shell v. State*, 554 So. 2d 887 (Miss. 1989), *Shell v. Mississippi*, 498 U.S. 1 (1990) reversing, in part, and remanding, *Shell v. State* 595 So. 2d 1323 (Miss. 1992) remanding for new sentencing hearing.

**Pinkney v. State*, 538 So. 2d 329 (Miss. 1989), *Pinkney v. Mississippi,* 494 U.S. 1075 (1990) vacating and remanding, *Pinkney v. State,* 602 So. 2d 1177 (Miss. 1992) remanding for new sentencing hearing.

**Clemons v. State*, 535 So. 2d 1354 (Miss. 1988), *Clemons v. Mississippi*, 494 U.S. 738 (1990) vacating and remanding, *Clemons v. State*, 593 So. 2d 1004 (Miss. 1992) remanding for new sentencing hearing.

**Jones v. State*, 517 So. 2d 1295 (Miss. 1987), *Jones v. Mississippi,* 487 U.S. 1230 (1988) vacating and remanding, *Jones v. State*, 602 So. 2d 1170 (Miss. 1992) remanding for new sentencing hearing.

*Russell v. State*, 607 So. 2d 1107 (Miss. 1992).

*Holland v. State*, 587 So. 2d 848 (Miss. 1991).

*Willie v. State*, 585 So. 2d 660 (Miss. 1991).

*Ladner v. State*, 584 So. 2d 743 (Miss. 1991).

*Mackbee v. State*, 575 So. 2d 16 (Miss. 1990).

*Berry v. State*, 575 So. 2d 1 (Miss. 1990).

## DEATH CASES REVERSED AS TO

## PUNISHMENT AND REMANDED FOR A NEW TRIAL

## ON SENTENCING PHASE ONLY

### (continued)

*Turner v. State*, 573 So. 2d 657 (Miss. 1990).

*State v. Tokman*, 564 So. 2d 1339 (Miss. 1990).

*Johnson v. State*, 547 So. 2d 59 (Miss. 1989).

*Williams v. State*, 544 So. 2d 782 (Miss. 1989); *sentence aff'd* 684 So. 2d 1179 (1996).

*Lanier v. State*, 533 So. 2d 473 (Miss. 1988).

*Stringer v. State*, 500 So. 2d 928 (Miss. 1986).

*Pinkton v. State*, 481 So. 2d 306 (Miss. 1985).

*Mhoon v. State*, 464 So. 2d 77 (Miss. 1985).

*Cannaday v. State*, 455 So. 2d 713 (Miss. 1984).

*Wiley v. State*, 449 So. 2d 756 (Miss. 1984); resentencing affirmed, *Wiley v. State*, 484 So. 2d 339 (Miss. 1986), *cert. denied Wiley v. Mississippi*, 479 U.S. 1036 (1988); resentencing ordered, *Wiley v. State*, 635 So. 2d 802 (Miss. 1993) following writ of habeas corpus issued pursuant to *Wiley v. Puckett*, 969 So. 2d 86, 105-106 (5th Cir. 1992); resentencing affirmed, *Wiley v. State*, 95-DP-00149, February 13, 1997 (rehearing pending).

*Williams v. State*, 445 So. 2d 798 (Miss. 1984).

* Case was originally affirmed in this Court but on remand from U. S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

———

1. The transcript from Manning's original trial reveals that Juror Johnson's father, not Juror Johnson herself, was represented by Richard Burdine.