595 So.2d 1323 (1992)
Robert Lee SHELL
v.
STATE of Mississippi.
No. 03-DP-0871.
Supreme Court of Mississippi.
March 11, 1992.
Rehearing Denied April 22, 1992.
Hugh Hathorn, Fair, Mayo & Hathorn, Louisville, Clive A. Stafford Smith, Atlanta, Ga., for appellant.
Mike C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON REMAND FROM THE UNITED STATES SUPREME COURT
PRATHER, Justice, for the Court:

I.
This case is before this Court on remand from the United States Supreme Court for reconsideration of Shell's sentence of death in light of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). See Shell v. Mississippi, 498 U.S. ___, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990). This Court affirmed Shell's conviction and sentence of death in Shell v. State, 554 So.2d 887 (Miss. 1989).
Subsequent to remand by the United States Supreme Court, this Court has considered briefs on the issue on remand of the aggravating circumstance, "especially heinous, atrocious, or cruel." At trial this aggravating circumstance was defined for the jury with this instruction:
The court instructs the jury that in considering whether the capital murder was especially heinous, atrocious, or cruel, the word heinous means extremely wicked or shockingly evil; atrocious means outrageously wicked and vile; and cruel means designed to inflict a high degree of pain with indifference to, or even enjoyment of the suffering of others.
Shell v. State, 554 So.2d at 905. The United States Supreme Court held that the limiting instruction used to define "especially heinous, atrocious or cruel" is not constitutionally sufficient and, to the extent that the Mississippi Supreme Court relied on this aggravating circumstance to affirm the death sentence, this Court's decision was reversed and remanded for consideration in light of Clemons v. Mississippi. Shell v. Mississippi, 498 U.S. ___, 111 S.Ct. at 313, 112 L.Ed.2d at 4.
On direct appeal to the Mississippi Supreme Court, Shell raised the issue that the "especially heinous" circumstance as given *1324 was defective in light of Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). This Court, however, distinguished Shell from Maynard by pointing out that the Maynard decision did not state what language would satisfy the requirement that the "especially heinous" factor be limited by an instruction defining the terms. Shell v. State, 554 So.2d at 906. The decision further pointed out that this Court has applied a limiting construction to this aggravating factor, but that this Court had not, to that point in time, indicated what language a limiting instruction should contain. Id. Finally, this Court found the limiting instruction to be "neither vague nor unclear," and that even if this Court should find this aggravating circumstance to be invalid, the remaining circumstance, in the course of armed robbery, was sufficient to uphold the death sentence. Id.
Since the United States Supreme Court found the limiting instruction as given constitutionally insufficient to define the "especially heinous" factor, the "especially heinous" aggravating circumstance is invalid under Maynard v. Cartwright, leaving this Court in the position of having to determine whether in the face of an invalid aggravating circumstance Shell's death sentence can nonetheless be upheld by this Court or if it must be vacated and the case remanded for resentencing.
This case is controlled by this Court's disposition in Clemons v. State, 593 So.2d 1004 (Miss. 1992), on remand, which case is in the same posture. In Clemons, this Court, in pertinent part, stated:
Miss. Code Ann. § 99-19-101 (Supp. 1991), sets forth the process for a sentencing hearing and deliberation. Foremost in our consideration is that by statute the jury must impose the death penalty. Section 99-19-101(3) states: "If the jury does not make the findings requiring the death sentence the court shall impose a sentence of life imprisonment." Further, § 99-19-103 (Supp. 1991), addresses the "effect of jury's failure to agree on punishment," with these words: "If the jury cannot, within a reasonable time, agree as to punishment, the judge shall dismiss the jury and impose a sentence of imprisonment for life."
Finally, § 99-19-105 (Supp. 1991) provides for "Review by supreme court of imposition of death penalty," and mandates that this Court shall review every death sentence whether or not a direct appeal is taken, § 99-19-105(6), and requires that this Court determine:
(a) Whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor;
(b) Whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance as enumerated in Section 99-19-101; and
(c) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.
§ 99-19-105(3).
From these statutory provisions, two things are clear: only the jury, by unanimous decision, can impose the death penalty; as to aggravating circumstances, this Court only has the authority to determine whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance. There is no authority for this Court to reweigh remaining aggravating circumstances when it finds one or more to be invalid or improperly defined, nor is there authority for this Court to find evidence to support a proper definition of an aggravating circumstance in order to uphold a death sentence by reweighing. Finding aggravating and mitigating circumstances, weighing them and ultimately imposing a death sentence are, by statute, left to a properly instructed jury.
Clemons v. State, 593 So.2d at 1005.

II.
The United States Supreme Court's Clemons opinion suggests that, even if reweighing were not an appellate function, "it was open to the Mississippi Supreme Court to find that the error which occurred during the sentencing proceeding was *1325 harmless," relying on Satterwhite v. Texas, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988). Clemons v. Mississippi, 494 U.S. at 752, 110 S.Ct. at 1450, 108 L.Ed.2d at 741.
It is difficult to accept in this case that, beyond a reasonable doubt, the jury's sentencing verdict would have been the same with or without the "especially heinous" factor. The jury was instructed as to only two aggravating circumstances: that the capital murder was committed in the course of a robbery and that the capital murder was especially heinous, atrocious or cruel. The "especially heinous, atrocious or cruel" factor was argued almost exclusively to the jury as a reason to impose the death penalty. As in Clemons, 593 So.2d at 1007, and Johnson v. State, 547 So.2d 59 (Miss. 1989), there is no way to throw out this aggravating circumstance and say with any confidence that the jury verdict would have been the same.
However, in Clemons v. Mississippi, the United States Supreme Court did leave open the possibility that this Court could "ask whether beyond reasonable doubt the result would have been the same had the especially heinous aggravating circumstance been properly defined in the jury instructions; and perhaps on this basis it could have determined that the failure to instruct properly was harmless error." 494 U.S. at 754, 110 S.Ct. at 1451, 108 L.Ed.2d at 742. This statement indicates that this Court might apply its Coleman construction to the "especially heinous" factor and find that with the narrowed definition the jury verdict would have been the same, thus further finding that the failure to properly instruct the jury was harmless error.
This Court has no way of knowing beyond a reasonable doubt that a jury would have found, had it been so instructed, that "the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim." Coleman v. State, 378 So.2d 640, 648 (Miss. 1979).

III.
Because this Court has no authority as a matter of state law to engage in a reweighing analysis, and because this Court declines to engage in harmless-error analysis, this case is remanded so that a jury may decide in view of the facts and with proper and properly defined aggravating circumstances, weighed against mitigating circumstances, whether Shell shall be sentenced to death or life imprisonment.
Accordingly, Shell's conviction of capital murder shall remain undisturbed. This case is remanded to the circuit court of Winston County to impanel another sentencing jury to determine punishment in this case.
REMANDED TO WINSTON COUNTY CIRCUIT COURT FOR RESENTENCING.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
ROY NOBLE LEE, C.J., and PITTMAN, J., dissent.
ROY NOBLE LEE, Chief Justice, dissenting:
I dissent from the majority opinion holding that the judgment imposing the death penalty be vacated and the case remanded for a new sentencing hearing. In support of this view, I adopt my dissent in Clemons v. State, 593 So.2d 1004 (Miss. 1992), where the identical question was decided.
PITTMAN, J., joins this dissent.