602 So.2d 1177 (1992)
Bobby Joe PINKNEY
v.
STATE of Mississippi.
No. 03-DP-761.
Supreme Court of Mississippi.
June 24, 1992.
James W. Craig, Isaac K. Byrd, Jr., Byrd & Associates, Jackson, for appellant.
Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON REMAND FROM THE UNITED STATES SUPREME COURT
SULLIVAN, Justice, for the court:
Pinkney was convicted of capital murder and sentenced to death by a Hinds County jury. His conviction and sentence were affirmed by this Court. Pinkney v. State, 538 So.2d 329 (Miss. 1988).
On appeal, Pinkney assigned as error that the aggravating circumstance "especially heinous, atrocious or cruel" was not properly defined. This Court noted that Pinkney had offered no limiting instruction to this aggravating circumstance at trial; however, in light of Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), this Court considered the question as part of its responsibility under Miss. Code Ann. § 99-19-105 (Supp. *1178 1988), to review death penalty sentences. Pinkney v. State, 538 So.2d at 355. In so doing, this Court recognized that the "especially heinous, atrocious or cruel" aggravating circumstance, without limiting instruction, is unconstitutionally vague and is, therefore, an invalid aggravating circumstance. Even so, this Court distinguished Maynard v. Cartwright on several grounds and upheld the death penalty.
The United States Supreme Court granted certiorari review, vacated the judgment entered in this case on December 14, 1988, and remanded to this Court for further consideration in light of the United States Supreme Court decision in Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990). This Court recently decided, upon remand from the United States Supreme Court, Clemons v. State, 593 So.2d 1004 (Miss. 1992), Shell v. State, 595 So.2d 1323 (Miss. 1992), and Jones v. State, 602 So.2d 1170 (Miss. 1992). These decisions control our disposition today of Pinkney v. State.

THE ISSUES ON REMAND

A. Reweighing

Our decision in Clemons v. State, 593 So.2d at 1006, held that as a matter of state law
only the jury, by unanimous decision, can impose the death penalty; as to aggravating circumstances, this Court only has the authority to determine whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance. There is no authority for this Court to reweigh remaining aggravating circumstances when it finds one or more to be invalid or improperly defined, nor is there authority for this Court to find evidence to support a proper definition of an aggravating circumstance in order to uphold a death sentence by reweighing. Finding aggravating and mitigating circumstances, weighing them, and ultimately imposing a death sentence are, by statute, left to a properly instructed jury.
We reiterated this holding in Shell, 595 So.2d at 1324, and Jones, at 1172. In light of Clemons, Shell and Jones, we again hold that as a matter of state law, we have no authority to uphold a death sentence in the light of an invalid or improperly defined aggravating circumstance by reweighing remaining aggravating circumstances. Neither is there authority for this Court to find evidence to support a proper definition of an aggravating circumstance in order to uphold a death sentence by reweighing.

B. Harmless Error Analysis

The United States Supreme Court's Clemons opinion suggests that even if reweighing were not an appellate function, "it was open to the Mississippi Supreme Court to find that the error which occurred during the sentencing proceeding was harmless," relying on Satterwhite v. Texas, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988). Clemons v. Mississippi, 494 U.S. at 752, 110 S.Ct. at 1450, 108 L.Ed.2d at 741.
In our Pinkney opinion, we noted, "it appears beyond a reasonable doubt that the jury's verdict would have been the same with or without the invalid aggravating circumstance." Pinkney v. State, 538 So.2d at 357. Assuming that this statement indicates that we were engaged in a harmless error analysis, it is difficult to accept that beyond a reasonable doubt the jury's sentencing verdict would have been the same with or without the "especially heinous" factor. The jury was instructed as to only two aggravating circumstances, that the capital murder was committed in the course of a burglary and that the capital murder was especially heinous, atrocious or cruel. The "especially heinous, atrocious or cruel" factor was argued almost exclusively to the jury as a reason to impose the death penalty. As in Clemons, 593 So.2d at 1007, Shell, 595 So.2d at 1325, Jones, at 1173, and Johnson v. State, 547 So.2d 59 (Miss. 1989), there is no way to throw out this aggravating circumstance *1179 and say with any confidence that the jury verdict would have been the same.
However, in Clemons v. Mississippi, the United States Supreme Court did leave open the possibility that this Court could "ask whether beyond reasonable doubt the result would have been the same had the especially heinous aggravating circumstance been properly defined in the jury instructions; and perhaps on this basis it could have determined that the failure to instruct properly was harmless error." 494 U.S. at 754, 110 S.Ct. at 1451, 108 L.Ed.2d at 742. This statement indicates that this Court might apply the construction it adopted in Coleman v. State, 378 So.2d 640 (Miss. 1979), to the "especially heinous" factor and find that with the narrowed definition the jury verdict would have been the same, thus further finding the that failure to properly instruct the jury was harmless error.
We have no way of knowing beyond a reasonable doubt that a jury would have found, had it been so instructed, that "the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim." Coleman v. State, 378 So.2d at 648.

CONCLUSION
Because we have no authority as a matter of state law to engage in a reweighing analysis, and because we decline to engage in harmless error analysis, we hold that it is for a jury, rather than this Court, to decide under the facts of this case and with proper and properly defined aggravating circumstances, weighed against mitigating circumstances, whether Pinkney shall be sentenced to death or life imprisonment. Because of the disposition we make of this case based on these two issues, this Court declines to address other issues raised by Pinkney on remand.
Pinkney's conviction of capital murder shall remain undisturbed. This cause is remanded to the Circuit Court of Hinds County, Second Judicial District, to impanel another sentencing jury to consider punishment in this case.
REMANDED TO HINDS COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, FOR RESENTENCING.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, BANKS and McRAE, JJ., concur.
ROY NOBLE LEE, C.J., dissents with separate written opinion.
PITTMAN, J., not participating.
ROY NOBLE LEE, Chief Justice, dissenting:
The judgment entered in this case by the Mississippi Supreme Court was vacated on appeal to the United States Supreme Court and the case was remanded here for further consideration in light of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).
Clemons, supra, was remanded to this Court for the purpose of re-weighing the facts of the case because of the vague aggravating circumstance "especially heinous, atrocious or cruel", which was not properly defined. The United States Supreme Court did not instruct on the procedure for the Mississippi judiciary in conducting the weighing process, stating that this Court itself might proceed with the weighing or that we could remand to the lower court for the trial judge or jury to conduct the weighing. The majority there, as here, remanded the case for a new sentencing trial before a jury. I dissented in Clemons v. State, 593 So.2d 1004 (Miss. 1992), and also dissented in Shell v. State, 595 So.2d 1323 (Miss. 1992) and Jones v. State, 602 So.2d 1170 (Miss. 1992) where the identical question was involved and I adopted the dissent in Clemons, supra.
The same question is involved in the case at bar and I respectively dissent here for the same reasons and adopt my dissent in Clemons, supra.