655 So.2d 864 (1995)
Gregory DAVIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 94-DP-00214-SCT.
Supreme Court of Mississippi.
March 16, 1995.
Rehearing Denied June 22, 1995.
James W. Craig, Jackson, Dennis J. Clark, Plunkett & Cooney, Detroit, MI, Andre de Gruy, Jackson, for appellant.
Marvin L. White, Jr., Asst. Atty. Gen., Michael C. Moore, Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.

ORDER VACATING DEATH SENTENCE AND REMANDING FOR A NEW SENTENCING HEARING

PITTMAN, Justice.
Gregory Davis, a prisoner in custody and under the supervision of the Mississippi Department of Corrections at Parchman, Mississippi, has filed in this Court an application for post conviction relief pursuant to Miss. Code Ann. §§ 99-39-7 and 99-39-27 (Rev. 1994).
Davis challenges his conviction for the capital murder of Addie Reed in her Jackson, Mississippi, home on April 3, 1987, and the sentence imposed on January 22, 1988, by a Forrest County jury. Davis was indicted by Hinds County Grand Jury, however, his trial was transferred to Forrest County because of pre-trial publicity. He seeks relief under the Mississippi Uniform Post Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq. (Rev. 1994) on the principal claim that he was denied effective assistance of counsel on appeal.
Davis claims, on the authority of Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) and Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), that he "must be resentenced without the use of the overbroad `especially heinous' aggravating circumstances" sentencing instruction.
Since Clemons v. State, 593 So.2d 1004 (Miss. 1992), this Court has ruled consistently that use of that same unconstitutionally vague sentencing instruction was reversible error requiring vacation of the death sentence and remand for a new sentencing hearing. See Dufour v. State, Miss.Sup.Ct. No. 03-DP-00042, decided October 20, 1994, (Not Yet Reported); Stringer v. State, 638 So.2d 1285 (Miss. 1994); Woodward v. State, 635 So.2d 805 (Miss. 1993); Wiley v. State, 635 So.2d 802 (Miss. 1993); Wilcher v. State, 635 So.2d 789 (Miss. 1993); Irving v. State, 618 So.2d 58 (Miss. 1992); Gilliard v. State, 614 So.2d 370 (Miss. 1992); Pinkney v. State, 602 So.2d 1177 (Miss. 1992); Jones v. State, 602 So.2d 1170 (Miss. 1992); Shell v. State, 595 So.2d 1323 (Miss. 1992).
IT IS, THEREFORE, ORDERED AND ADJUDGED that the death sentence is vacated and this case is remanded to the Circuit Court of Hinds County to empanel another jury for the sole purpose of determining whether Davis should be sentenced to death or life imprisonment as provided by law.
SO ORDERED.
DAN M. LEE, P.J., and JAMES L. ROBERTS, Jr. and SMITH, JJ., dissent.