McRAE, Presiding Justice,
Dissenting.
¶ 71. Our mechanism for the dispensation of justice is a trial by jury following the procedures set out by law. While application of the law should always result in justice, the law often proves itself to be an imperfect guide. Furthermore, when trials are not conducted according to the guidelines set forth by our law, the result is often retribution, not justice.
¶ 72. I am often reminded that, as a Justice of this Supreme Court, my task is to ensure that the law of this state is followed. I fear that some have lost sight of that task in considering the case before us, yet I cannot blame them. The evidence in this case is the type which would bring forth emotion from even the most stoic of jurists. Nevertheless, while a “sense of justice” begs us to reach one decision in this case, I am convinced that the law and the evidence dictate otherwise. While the conviction of murder should be affirmed, this case should be remanded for resentencing. Accordingly, I dissent.
I. WHETHER THE EVIDENCE OF ATTEMPTED RAPE WAS INSUFFICIENT TO SUPPORT THE CHARGE OF CAPITAL MURDER.
¶ 73. Let us be “very clear” about what the majority is announcing in this case. First, it declares that for the purposes of a charge of capital murder, a circumstantial evidence instruction is not warranted to prove the underlying felony when one has admitted to causing the death of the victim. Second, it declares that when a body has been moved post mortem into a sexually explicit position, the position may automatically be used as direct physical evidence of the position the victim was in during an attempted rape that would have occurred before the death of the victim. Needless to say, I do not agree with these propositions.
A. Whether Powers’s admission to causing the victim’s death obviates the need for a circumstantial evidence instruction.
¶ 74. Circumstantial evidence instructions are required “when the prosecution is without a confession and without eyewitnesses to the gravamen of the offense charged.” Swinney v. State, 829 So.2d 1225, 1236 (Miss.2002) (quoting Woodward v. State, 533 So.2d 418, 431 (Miss.1988)). Thus, as the majority notes, an admission to any significant element of the offense removes the need for such an instruction. See Mack v. State, 481 So.2d 793, 795 (Miss.1985). However, the majority has cited a case where this Court has held that a circumstantial evidence instruction is not warranted for an underlying felony in a capital murder case solely based upon the fact that the defendant has admitted to causing the death of the victim and not to the underlying felony.
¶ 75. In Swinney v. State, we held that a confession to a shooting could be direct evidence to an underlying felony for capital murder purposes. 829 So.2d at 1237. Swinney admitted to pointing a gun at the victim and stated that the gun accidentally fired as she attempted to unjam it. Id. at 1236. The underlying felony in this case was robbery. Since an essential element of robbery is the use of force or intimidation, we held her admission that she pointed the gun at the victim as confession of an essential element of the crime. Id. Therefore, we held that the circumstantial evidence instruction was not required. Id. at 1237.
*39 ¶ 76. Better yet, in Moody v. State, 841 So.2d 1067 (Miss.2003), this Court dealt with a capital murder based on sexual battery. Therein, we recognized that an admission to causing the death of the victim is not a confession to an essential element of the underlying offense. See id. at 1095. However, in that case, we found that there was enough direct physical evidence in the totality, including sperm samples produced by a vaginal slide, so that a circumstantial evidence instruction was not warranted.[1] Id. at 1095-96.
¶ 77. These cases ought to be instructive. We know from Moody that confessing to causing the death of the victim is not the same as confessing to the underlying felony. Therefore, we are left to apply the Sivinney analysis and determine if by his admission, Powers admitted to an essential element of the offense. However, the majority fails to mention any element of attempted rape that is admitted in Powers’s statement. Therefore, his confession to causing the victim’s death is not cause alone to do away with the need for a circumstantial evidence instruction and to hold otherwise is in error.

B. Whether there was enough direct physical evidence of attempted rape to obviate the need for the circumstantial evidence instruction.

¶ 78. Direct evidence is defined as “[ejvidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption.” Black’s Law Dictionary 577 (7th ed.1999). On the other hand, circumstantial evidence is defined as “[ejvidence based on inference and not on personal knowledge or observation.” Id. at 576. In addition, “[ejvidence of some collateral fact, from which the existence or non-existence of some fact in question may be inferred as a probable consequence, is termed circumstantial evidence.” Id. (quoting William P. Richardson, The Law of Evidence § 111, at 68 (3d ed.1928)).
¶ 79. The majority states that three pieces of “direct physical evidence” obviate the need to have given the circumstantial evidence instruction: (1) The sexually explicit position in which the victim’s body was found, (2) Powers’s admission that he left the body in the position in which it was found, and (3) his admission that he caused the victim’s death. However, none of this is direct evidence that an attempted rape occurred.
1. The position of the victim’s body
¶ 80. The majority cites the photographs of the position of the victim’s body as physical evidence that an attempted rape occurred. However, based on the above definitions, I remain convinced that these powerful images are still not direct evidence of an attempted rape. Furthermore, their probative value even as circumstantial evidence is questionable.
¶ 81. The photographs show the victim’s body lying face up on the house floor. Naked from the waist down, the victim’s legs are spread in a position that the prosecution’s expert best described as “incon *40 sistent” with consensual sexual activity. Despite the emotional value of the photographs, they lack evidentiary value. To be correctly described as direct evidence, the position that the photographs depicted should prove an essential fact “without inference or presumption.”
¶ 82. The position of the body is essential to the majority’s holding in this case. However, Powers indicated that he moved the body post mortem. In addition, despite the fact that the victim is lying face up with the back of her head against the floor, the evidence clearly showed that she suffered three gunshot wounds to the back of the head. Simply stated, this is not the position that the body would have been in during the alleged attempted rape. Therefore, the position is not directly, or circumstantially, probative of an attempted rape. A gigantic inferential leap is required to reach the majority’s conclusion. Therefore, this piece of evidence is insufficient to avoid the necessity of a circumstantial evidence instruction.
2. Powers’s admission that he left the body in the position in which it was found
¶ 83. Powers’s admission to moving the body post mortem into the position in which it was found is no better fit into the definition of direct evidence than the position itself. Again, the position is not directly probative of an attempted rape. In Swinney, we did hold confessions to essential elements of a crime to be direct evidence of the crime. See 829 So.2d at 1237. However, Powers’s admission is not directly probative of any element of attempted rape. As stated above, without the aid of an inference, the probative value of this admission remains in serious question.
3. Powers’s admission that he caused the victim’s death
¶ 84. Much like the above admission, Powers’s admission that he caused the victim’s death is not directly probative of any element of attempted rape. While he admits fault, he never admits any intentional act. Simply stated, there is not one element of rape to which this statement is directly probative. Again, we are left to inferences to give it any value towards the charge of attempted rape, making it circumstantial evidence, at best.
¶ 85. To reiterate, none of this evidence is directly probative of attempted rape and if this kind of evidence is, then we have no further need for a circumstantial evidence instruction. This evidence depends on the stacking of inferences for it to be in any way probative of rape. Therefore, a circumstantial evidence instruction should have been given.
¶ 86. Having seen the same pictures as the majority, under these circumstances I cannot do a “bull frog’s leap” that attempted rape occurred. Our job is to ensure that the law is followed, not that retribution is meted out. Our responsibilities towards ensuring that the law is followed are at their greatest in cases such as this. However, in this case, the law has not been followed because the circumstantial evidence instruction was not given. To properly dispose of this matter I would affirm only on the lesser offense of simple murder and remand for resentencing.
¶ 87. Accordingly, I dissent.
GRAVES, J., JOINS THIS OPINION IN PART.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Walker v. State, 815 So.2d 1209 (Miss.2002). *following remand.
*41 Bishop v. State, 812 So.2d 934 (Miss.2002).
Stevens v. State, 806 So.2d 1031 (Miss.2002).
Grayson v. State, 806 So.2d 241 (Miss.2002).
Knox v. State, 805 So.2d 527 (Miss.2002).
Simmons v. State, 805 So.2d 452 (Miss.2002).
Berry v. State, 802 So.2d 1033 (Miss.2001).
Snow v. State, 800 So.2d 472 (Miss.2001).
Mitchell v. State, 792 So.2d 192 (Miss.2001).
Puckett v. State, 788 So.2d 752 (Miss.2001). * following remand.
Goodin v. State, 787 So.2d 639 (Miss.2001).
Jordan v. State, 786 So.2d 987 (Miss.2001).
Manning v. State, 765 So.2d 516 (Miss.2000). *following remand.
Eskridge v. State, 765 So.2d 508 (Miss.2000).
McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999). *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss.1999). *remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss.1999).
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Burns v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wilcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
*42 Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581(Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
* Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738,110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
*43 Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE

Flowers v. State, 842 So.2d 531 (Miss.2003).
Randall v. State, 806 So.2d 185 (Miss.2002).
Flowers v. State, 773 So.2d 309 (Miss.2000).
Edwards v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 733 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
*44 Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

King v. State, 784 So.2d 884 (Miss.2001).
Walker v. State, 740 So.2d 873 (Miss.1999).
Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998).
Smith v. State, 724 So.2d 280 (Miss.1998).
*45 Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1989); sentence aff'd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of ha-beas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir.1992); resentencing affirmed, Wiley v. State, 691 So.2d 959 (1997) (rehearing pending).
Williams v. State, 445 So.2d 798 (Miss.1984).

. The Court stated that "Moody also confessed to the capital murders, which is in and of itself direct evidence.” 841 So.2d at 1096. However, such language is confusing. The Court noted in that case that while only the portion of his admission regarding causing the victim’s death was admitted into evidence, that he also confessed to the sexual battery. See id. at 1095. Therefore, Moody did confess to capital murder. Furthermore, the Court's decision was based on the totality of the physical evidence, so this Court did not hold that by itself, confession to causing the victim’s death is sufficient to obviate the need for a circumstantial evidence instruction for the underlying felony. See id. at 1095-96.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

 Case was originally affirmed in this Court but on remand from U.S-. Supreme Court, case was remanded by this Court for a new sentencing hearing.