DICKINSON, PRESIDING JUSTICE,
CONCURRING IN PART AND. DISSENTING IN PART:
In the sentencing phase of a capital murder trial, the stakes are life and death. A defendant is permitted to introduce virtually any relevant and reliable evidence torching upon the defendant’s background and character, or the crime itself, which is offered as a basis to persuade a jury to return a sentence of less than death.[19]
¶ 135. With the above principle in mind, this Court has stated: “We caution prosecutors and trial judges about limiting mitigation evidence offered by a defendant when it is presented fairly, and is relevant to the defendant’s character, background, or the circumstances surrounding the crime.”[20]
¶ 136. This backdrop exposes clear error in the circuit judge’s decision to limit Dr. Julie Schroeder’s expert testimony in the sentencing' phase 'of this capital-murder trial. The circuit judge ruled Dr. Schroeder lacked the expertise to offer any diagnosis, even though her undisputed testimony clearly and unambiguously established that experts in her field possess that very expertise, and even though the State failed to offer a scrap of evidence or authority to rebut her testimony. It is true that we review a circuit judge’s decision to exclude evidence for an abuse of discretion,[21] but it also is true that arbitrary rulings amount to an abuse of discretion.[22] And a decision unsupported by any evidence is by definition arbitrary.[23]
¶137. Dr. Schroeder—who .possesses a bachelor’s degree.in psychology, a master’s degree in social work, and a Ph.D. in social work—testified that, as a professor of social work at Jackson State University, she teaches “psychopathology and differential diagnosis, which is trying to determine—rule out specific diagnoses and rule in other diagnoses.” When asked to detail the differences between a social worker and a psychologist, Dr. Schroeder explained that social workers “do assessments and report writing, about individuals” and “can diagnose or, you know, have a—-present a presenting diagnosis.” Dr. Schroeder also explained that an Axis I mental-health diagnosis “is not necessarily a medical diagnosis.” So, when Hutto proffered Dr. Schroeder’s opinion that he suffered from post traumatic stress disorder, that testimony fell squarely within Dr. Schroeder’s expertise.
¶138. The State made no . attempt to rebut this testimony in any way. It presented no expert, testimony suggesting that.Dr. Schroeder,.or social workers in general, lack the expertise to diagnose PTSD, Nor did the State cite any professional literature to that effect. In fact, it was the circuit judge—not the State—who first suggested Dr. Schroeder could not *1000 make a diagnosis, and the circuit judge did so based on nothing discernable in the record.
¶ 139. The circuit judge in Fulgham v. State made exactly the same error as the judge here.[24] There, the State objected to a social worker’s testimony, arguing she was “‘not authorized to give any opinions in the areas set forth in her report. She is a social worker, she is not a psychiatrist or a psychologist.’”[25] The circuit judge sustained the objection, but this Court reversed.[26] We found the circuit judge’s ruling erroneous because “[i]n objecting to Dorsey-Kidd’s testimony, the State presented no argument or evidence that Dorsey-Kidd’s testimony was outside the field of social work.”[27]
¶ 140. The majority tries to distinguish Fulgham, stating “[i]n Fulgham, a psychiatrist-not a social worker-testified that the defendant suffered from PTSD.”[28] This completely misses Fulgham’s import.
¶ 141. If Fulgham stands for anything, it stands as precedent that a circuit judge may not arbitrarily limit an expert witness’s testimony. When an expert states under oath that a particular thing falls within his or her field of expertise, some- ' thing must support the circuit judge’s conclusions to the contrary. Here, nothing does. So I believe the circuit judge here— as did the circuit judge in Fulgham— abused his discretion when he prohibited Dr. Schroeder from testifying that she had diagnosed Hutto with PTSD.
¶ 142. In Fulgham, we reversed Fulg-ham’s death sentence because “we [were]
unable to say that such an error did not affect the jury’s ultimate decision.”[29] We have recognized that mental-health evidence constitutes a critical component of a capital-murder defense.[30]
¶ 143. Dr. Schroeder would have testified that:
A.... I believe he does have an anxiety disorder which is where the post-traumatic stress fits in there. And that has impacted the way his personality has developed over time, the way he copes with things, the impulsivity, the erratic behavior. Because when you grow up in an environment where you’re facing all of those types of abuse, you don’t learn how to self-soothe and deal with things on your own, so you tend to—as you get older, you don’t know what to do with those things so you become volatile and aggressive to solve problems.
Q. And this—you mentioned PTSD, post-traumatic stress disorder.
A. Uh-huh (affirmative response).
Q. That is what you observed?
A. Yes.
¶ 144. This testimony would have informed the sentencing jury that Hutto had been diagnosed with a condition affecting his impulse control, explaining his violent propensity, and tying his criminal conduct to his traumatic life experiences. The circuit judge prevented the jury from hearing that explanation. What is more, the prosecutor—who did not even raise the issue *1001 with the trial judge—nevertheless seized on the circuit judge’s gratuitous ruling, making a point in its sentencing-phase closing argument to direct the jury’s attention to Dr. Schroeder’s failure to provide a diagnosis or explanation of the connection between Hutto’s violence and his background:
Then we’ve got Dr. Schroeder, and I don’t even know where to begin with that; She’s not a psychiatrist, she’s not a psychologist, she’s not medical doctor. She has a Ph.D. in social work. There’s no diagnosis in regards to James Hutto.
And Dr. Schroeder harped on these allegations that James Hutto had been abused or molested as a child. And I want to clarify to you that those are those are allegations. We don’t know that those things happened. If they did happen, it’s not okay, and the people that did it should be held accountable. However, what I propose to you is that victims of molestation, they may lose their innocence, sure. They don’t lose their concept of right or wrong. They don’t lose then concept of morality. They don’t lose their conscience.
James Hutto knows the difference between right or wrong, and he knew it in September of 2010 when he murdered Ethel Simpson. What I’m struggling with—what I’m struggling with what Dr. Schroeder says is what’s the nexus between abuse as a child, if it happened, and getting the rage to kill an elderly woman that you just met? What’s the nexus? There is no nexus, because how do you explain the dozens of successful men who were abused as children? How do you compromise that? That nexus has not been made for you and that is not mitigation.
¶ 145. Given that the State thought Dr. Schroeder’s failure to provide a diagnosis constituted a serious flaw in Hutto’s mitigation, I am “unable to say that such an error did not affect the jury’s ultimate decision.”[31] So I would reverse Hutto’s death sentence and remand for a new and fair sentencing hearing.
KITCHENS, KING AND COLEMAN, JJ., JOIN THIS OPINION.
DEATH CASES AFFIRMED BY THIS COURT
APPENDIX
David Cox v. State, 183 So.3d 36 (Miss. 2015).
David Dickerson v. State, 175 So.3d 8 (Miss. 2015).
Timothy Robert Ronk v. State, 172 So.3d 1112 (Miss. 2015).
Curtis Giovanni Flowers v. State, 158 So.3d 1009 (Miss. 2014). *following remand.
Caleb Corrothers v. State, 148 So.3d 278 (Miss. 2014).
Jason Lee Keller v. State, 138 So.3d 817 (Miss. 2014).
Leslie Galloway III v. State, 122 So.3d 614 (Miss. 2013).
Bobby Batiste v. State, 121 So 3d 808 (Miss. 2013), granted leave to seek PCR (Jan. 21, 2016).
Roger Lee Gillett v. State, 56 So.3d 469 (Miss. 2010).
Moffett v. State, 49 So.3d 1073 (Miss. 2010).
Pitchford v. State, 45 So.3d 216 (Miss. 2010).
Goff v. State, 14 So.3d 625 (Miss. 2009).
*1002 Wilson v. State, 21 So.3d 572 (Miss. 2009).
Chamberlin v. State, 989 So.2d 320 (Miss. 2008).
Loden v. State, 971 So.2d 548 (Miss, 2007).
King v. State, 960 So.2d 413 (Miss. 2007).
Bennett v. State, 933 So.2d 930 (Miss. 2006).
Havard v. State, 928 So.2d 771 (Miss. 2006).
Spicer v. State, 921 So.2d 292 (Miss. 2006).
Hodges v. State, 912 So.2d 730 (Miss. 2005).
Wallier v. State, 913 So.2d 198 (Miss. 2005).
Le v. State, 913 So.2d 913 (Miss. 2005), granted leave to seek second PCB, 2013-DR-00327-SCT (Feb. 23, 2016).
Brown v. State, 890 So.2d 901 (Miss. 2004).
Powers v. State, 883 So.2d 20 (Miss. 2004)
Branch v. State, 882 So.2d 36 (Miss. 2004).
Scott v. State, 878 So.2d 933 (Miss. 2004).
Lynch v. State, 877 So.2d 1254 (Miss. 2004).
Dycus v. State, 875 So.2d 140 (Miss.2004).
Byrom v. State, 863 So.2d 836 (Miss. 2003).
Howell v. State, 860 So.2d 704 (Miss. 2003).
Howard v. State, 853 So.2d 781 (Miss, 2003).
Walker v. State, 815 So.2d 1209 (Miss. 2002). *following remand.
Bishop v. State, 812 So.2d 934 (Miss. 2002).
Stevens v. State, 806 So.2d 1031 (Miss. 2002).
Grayson v. State, 806 So.2d 241 (Miss. 2002).
Knox v. State, 805 So.2d 527 (Miss. 2002).
Simmons v. State, 805 So.2d 452 (Miss. 2002).
Berry v. State, 802 So.2d 1033 (Miss. 2001).
Snow v. State, 800 So.2d 472 (Miss. 2001).
Mitchell v. State, 792 So.2d 192 (Miss, 2001).
Puckett v. State, 788 So.2d 752 (Miss. 2001). *following remand.
Goodin v. State, 787 So.2d 639 (Miss. 2001).
Jordan v. State, 786 So.2d 987 (Miss. 2001).
Manning v. State, 765 So.2d 516 (Miss. 2000), following remand.
Eskridge v. State, 765 So.2d 508 (Miss. 2000).
McGilberry v. State, 741 So.2d 894 (Miss. 1999).
Puckett v. State, 737 So.2d 322 (Miss. 1999), *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss. 1999). *remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss. 1999).
Turner v. State, 732 So.2d 937 (Miss. 1999).
Smith v. State, 729 So.2d 1191 (Miss. 1998),
*1003 Bums v. State, 729 So.2d 203 (Miss. 1998).
Jordan v. State, 728 So.2d 1088 (Miss. 1998).
Gray v. State, 728 So.2d 36 (Miss. 1998).
Manning v. State, 726 So.2d 1152 (Miss. 1998).
Woodioard v. State, 726 So.2d 524 (Miss. 1997).
Bell v. State, 725 So.2d 836 (Miss. 1998), post-conviction relief granted in part and denied in part, 66 So.3d 90 (Miss. 2011).
Evans v. State, 725 So.2d 613 (Miss. 1997).
Brewer v. State, 725 So.2d 106 (Miss. 1998).
Crawford v. State, 716 So.2d 1028 (Miss. 1998).
Doss v. State, 709 So.2d 369 (Miss. 1996).
Underwood v. State, 708 So.2d 18 (Miss. 1998).
Holland v. State, 705 So.2d 307 (Miss. 1997).
Wells v. State, 698 So.2d 497 (Miss. 1997).
Wilcher v. State, 697 So.2d 1087 (Miss. 1997).
Wiley v. State, 691 So.2d 959 (Miss. 1997).
Brown v. State, 690 So.2d 276 (Miss. 1996).
Simon v. State, 688 So.2d 791 (Miss. 1997).
Jackson v. State, 684 So.2d 1213 (Miss. 1996).
Williams v. State, 684 So.2d 1179 (Miss. 1996).
Davis v. State, 684 So.2d 643 (Miss. 1996).
Taylor v. State, 682 So.2d 359 (Miss. 1996).
Brown v. State, 682 So,2d 340 (Miss. 1996).
Blue v. State, 674 So.2d 1184 (Miss. 1996).
Holly v. State, 671 So.2d 32 (Miss. 1996).
Walker v. State, 671 So.2d 581 (Miss. 1995).
Russell v. State, 670 So.2d 816 (Miss. 1995).
Ballenger v. State, 667 So.2d 1242 (Miss. 1995).
Davis v. State, 660 So.2d 1228 (Miss. 1995).
Carr v. State, 655 So.2d 824 (Miss. 1995).
Mack v. State, 650 So.2d 1289 (Miss, 1994).
Chase v. State, 645 So.2d 829 (Miss. 1994);
Foster v. State, 639 So.2d 1263 (Miss. 1994).
Conner v. State, 632 So.2d 1239 (Miss. 1993).
Hansen v. State, 592 So,2d 114 (Miss. 1991).
*Shell v. State, 554 So.2d 887 (Miss. 1989); Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State, 595 So.2d 1323 (Miss. 1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss. 1989).
Minnick v. State, 551 So.2d 77 (Miss. 1989).
* Pinkney v. State, 538 So.2d 329 (Miss. 1989); Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney
*1004 v. State, 602 So.2d 1177 (Miss. 1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss. 1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss. 1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss. 1988).
Nixon v. State, 533 So.2d 1078 (Miss. 1987).
Cole v. State, 525 So.2d 365 (Miss. 1987).
Lockett v. State, 517 So.2d 1346 (Miss. 1987).
Lockett v. State, 517 So.2d 1317 (Miss. 1987).
Faraga v. State, 514 So.2d 295 (Miss. 1987).
* Jones v. State, 517 So.2d 1295 (Miss. 1987); Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding; Jones v. State, 602 So.2d 1170 (Miss. 1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss. 1986).
Johnson v. State, 477. So.2d 196 (Miss. 1985).
Gray v. State, 472 So.2d 409 (Miss. 1985).
Cabello v. State, 471 So.2d 332 (Miss. 1985).
Jordan v. State, 464 So.2d 475 (Miss. 1985).
Witcher v. State, 455 So.2d 727 (Miss. 1984).
Billiot v. State, 454 So.2d 445 (Miss. 1984).
Stringer v. State, 454 So.2d 468 (Miss. 1984).
Dufour v. State, 453 So.2d 337 (Miss. 1984).
Neal v. State, 451 So.2d 743 (Miss. 1984).
Booker v. State, 449 So.2d 209 (Miss. 1984).
Witcher v. State, 448 So.2d 927 (Miss. 1984).
Caldwell v. State, 443 So.2d 806 (Miss. 1983).
Irving v. State, 441 So.2d 846 (Miss. 1983).
Tokman v. State, 435 So.2d 664 (Miss. 1983).
Leatherwood v. State, 435 So.2d 645 (Miss. 1983).
Hill v. State, 432 So.2d 427 (Miss. 1983). Pruett v. State, 431 So.2d 1101 (Miss. 1983).
Gilliard v. State, 428 So.2d 576 (Miss. 1983).
Evans v. State, 422 So.2d 737 (Miss. 1982).
King v. State, 421 So.2d 1009 (Miss. 1982).
Wheat v. State, 420 So.2d 229 (Miss. 1982).
Smith v. State, 419 So.2d 563 (Miss. 1982).
Johnson v. State, 416 So.2d 383 (Miss. 1982).
Edwards v. State, 413 So.2d 1007 (Miss. 1982).
Bullock v. State, 391 So.2d 601 (Miss. 1980).
Reddix v. State, 381 So.2d 999 (Miss. 1980).
Jones v. State, 381 So.2d 983 (Miss. 1980).
*1005 Culberson v. State, 379 So.2d 499 (Miss. 1979).
Gray v. State, 375 So.2d 994 (Miss. 1979).
Jordan v. State, 365 So.2d 1198 (Miss. 1978).
Voyles v. State, 362 So.2d 1236 (Miss. 1978).
Irving v. State, 361 So.2d 1360 (Miss. 1978).
Washington v. State, 361 So.2d 61 (Miss. 1978).
Bell v. State, 360 So.2d 1206 (Miss. 1978).
*Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.
DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCING PHASE
Erik Wayne Hollie v. State, 174 So.3d 824 (Miss. 2015).
Manning v. State, 158 So.3d 302 (Miss. 2015) (reversing denial of post-conviction relief).
Byrom v. State, 2014-DR-00230-SCT (April 3, 2014) (order).
Ross v. State, 954 So.2d 968 (Miss. 2007).
Flowers v. State, 947 So.2d 910 (Miss. 2007).
Flowers v. State, 842 So.2d 531 (Miss. 2003).
Randall v. State, 806 So.2d 185 (Miss. 2002).
Flowers v. State, 773 So.2d 309 (Miss. 2000).
Edwards v. State, 737 So.2d 275 (Miss. 1999).
Smith v. State, 733 So.2d 793 (Miss. 1999).
Porter v. State, 732 So.2d 899 (Miss. 1999).
Kolberg v. State, 704 So.2d 1307 (Miss. 1997).
Snelson v. State, 704 So.2d 452 (Miss. 1997).
Fuselier v. State, 702 So.2d 388 (Miss. 1997).
Howard v. State, 701 So.2d 274 (Miss. 1997).
Lester v. State, 692 So.2d 755 (Miss. 1997).
Hunter v. State, 684 So.2d 625 (Miss. 1996).
Lanier v. State, 684 So.2d 93 (Miss. 1996).
Giles v. State, 650 So.2d 846 (Miss. 1995).
Duplantis v. State, 644 So.2d 1235 (Miss. 1994).
Harrison v. State, 635 So.2d 894 (Miss. 1994).
Butler v. State, 608 So.2d 314 (Miss. 1992).
Jenkins v. State, 607 So.2d 1171 (Miss. 1992).
Abram v. State, 606 So.2d 1015 (Miss. 1992).
Balfour v. State, 598 So.2d 731 (Miss. 1992).
Griffin v. State, 557 So.2d 542 (Miss. 1990).
Bevill v. State, 556 So.2d 699 (Miss. 1990).
West v. State, 553 So.2d 8 (Miss. 1989).
Leatherwood v. State, 548 So.2d 389 (Miss. 1989).
Mease v. State, 539 So.2d 1324 (Miss. 1989).
*1006 Houston v. State, 531 So.2d 598 (Miss. 1988).
West v. State, 519 So.2d 418 (Miss, 1988).
Davis v. State, 512 So.2d 1291 (Miss. 1987).
Williamson v. State, 512 So.2d 868 (Miss. 1987).
Foster v. State, 508 So.2d 1111 (Miss. 1987).
Smith v. State, 499 So.2d 750 (Miss. 1986).
West v. State, 485 So.2d 681 (Miss. 1985).
Fisher v. State, 481 So,2d 203 (Miss. 1985).
Johnson v. State, 476 So,2d 1195 (Miss. 1985).
Fuselier v. State, 468 So.2d 45 (Miss. 1985).
West v. State, 463 So.2d 1048 (Miss. 1985).
Jones v. State, 461 So.2d 686 (Miss. 1984).
Moffett v. State, 456 So.2d 714 (Miss. 1984).
Lanier v. State, 450 So.2d 69 (Miss. 1984).
Laney v. State, 421 So.2d 1216 (Miss. 1982).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT
Bell v. State, 160 So.3d 188 (Miss. 2015).
Reddix v. State, 547 So.2d 792 (Miss. 1989).
Wheeler v. State, 536 So.2d 1341 (Miss. 1988).
White v. State, 532 So.2d 1207 (Miss.
1988).
Bullock v. State, 525 So.2d 764 (Miss. 1987).
Edwards v. State, 441 So.2d 84 (Miss. 1983).
Dycus v. State, 440 So.2d 246 (Miss. 1983).
Coleman v. State, 378 So.2d 640 (Miss. 1979).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY
Fulgham v. State, 46 So.3d 315 (Miss. 2010).
Rubenstein v. State, 941 So.2d 735 (Miss. 2006).
King v. State, 784 So.2d 884 (Miss. 2001).
Walker v. State, 740 So.2d 873 (Miss. 1999).
Watts v. State, 733 So.2d 214 (Miss. 1999).
West v. State, 725 So.2d 872 (Miss. 1998).
Smith v. State, 724 So.2d 280 (Miss. 1998).
Berry v. State, 703 So.2d 269 (Miss. 1997).
Booker v. State, 699 So.2d 132 (Miss. 1997).
Taylor v. State, 672 So.2d 1246 (Miss. 1996).
*Shell v. State, 554 So.2d 887 (Miss. 1989); Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State 595
*1007 So.2d 1323 (Miss. 1992) remanding for new sentencing hearing.
*Pinkney v. State, 538 So.2d 329 (Miss. 1989); Pinkney v. Mississippi, 494 U.S. 1075; 110 S.Ct. 1800; 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney v. State, 602 So.2d 1177 (Miss., 1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss. 1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss. 1992) remanding for new sentencing hearing.
*Jones v. State, 517 So.2d 1295 (Miss. 1987); Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding; Jones v. State, 602 So.2d 1170 (Miss. 1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss. 1992).
Holland v. State, 587 So.2d 848 (Miss. 1991).
Willie v. State, 585 So.2d 660 (Miss. 1991).
Ladner v. State, 584 So.2d 743 (Miss. 1991).,
Mackbee v. State, 575 So.2d 16 (Miss. 1990).
Berry v. State, 575 So.2d 1 (Miss. 1990).
Turner v. State, 573 So.2d 657 (Miss. 1990).
State v. Tokman, 564 So.2d 1339 (Miss. 1990).
Johnson v. State, 547 So.2d 59 (Miss. 1989).
Williams v. State, 544 So.2d 782 (Miss. 1989); sentence aff'd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss. 1988).
Stringer v. State,, 500 So.2d 928 (Miss. 1986).
Pinkton v. State, 481 So.2d 306 (Miss. 1985).
Mhoon v. State, 464 So.2d 77 (Miss. 1985).
Cannaday v. State, 455 So.2d 713 (Miss. 1984).
Wiley v. State, 449 So.2d 756 (Miss. 1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss. 1986); cert. denied, Wiley v. Mississippi, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss. 1993) following writ of habeas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir. 1992); resentencing affirmed.
Williams v. State, 445 So.2d 798 (Miss. 1984). *Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

. Fulgham v. State, 46 So.3d 315, 336 (Miss. 2010).

. Id.

. Id. at 334 (citing Bishop v. State, 982 So.2d 371, 380 (Miss. 2008)).

. Gillett v. State, 56 So.3d 469, 494 (Miss. 2010) (citing Miss. Transp. Comm’n v. McLemore, 863 So.2d 31 (Miss. 2003)).

. Overton v. State, 195 So.3d 715, 719 (Miss. 2016) ("Again, the trial judge never held that the witnesses were excluded because of a willful violation. But if, as the dissent believes, he did, then we would be' required to examine the record to find evidence to support that finding, We find none, so any such finding would have been arbitrary and without support.’’); Miss. State Dep’t of Health v. Natchez Cmty. Hosp., 743 So.2d 973, 977 (Miss. 1999) ("If an administrative agency’s decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious,”).

. Fulgham., 46 So.3d at 335.

. Id.

. Id. at 335-37.

. Id. at 335.

. Maj. Op. at ¶ 117.

. Fulgham, 46 So.3d at 336.

. State v. Tokman, 564 So.2d 1339, 1343 (Miss. 1990) (citing Akev. Oklahoma, 470 U.S. 68, 80, 105 S.Ct. 1087, 1094, 84 L.Ed.2d 53 (1985)).

. Fulgham, 46 So.3d at 336.